JUSTICE RICE,
dissenting.
¶76 I believe Billman’s motion to dismiss should be denied under application of the Ariegwe test.
¶77 Under speedy trial factor one, prejudice to a defendant “intensifies over time,” with the quantum of proof expected of the accused to decrease, and of the State to increase, “as the delay gets longer.” Ariegwe, ¶ 113. In Ariegwe, the delay was 208 days beyond the 200-day trigger date. We noted that this was “more than twice the amount of delay that is considered sufficiently prejudicial to trigger the speedy trial test,” and thus required the State to provide “compelling justifications” for the delay. Ariegwe, ¶ 123. Here, the delay is only 78 days beyond the trigger date, and yet the Court imposes the same “compelling justification” quantum of proof upon the State. Opinion, ¶ 18. Thus, the “sliding scale burden” is not being honored as designed in Ariegwe (“[T]he court must consider the extent to which the delay (again, irrespective of fault for the delay) stretches beyond the 200-day trigger date.” Ariegwe, ¶ 62.).
¶78 Under factor two, reasons for the delay, I agree with Justice Nelson’s comments that there was no evidence of foot-dragging or bad faith by the prosecutor and that this factor should weigh less heavily against the State. In Ariegwe, we noted that “[significantly, more than *140 half of the State’s delay was institutional in nature.” Ariegwe, ¶ 135. Here, as Justice Nelson notes, virtually all of the delay is institutional. The Court finds fault in the timing of the prosecutor’s motion, but even so, that resulted in only 30 days of delay. To the extent this factor weighs in Billman’s favor, it is very minimal.
¶79 Under factor four, part 2, anxiety and concern of the accused, I agree with Justice Nelson that the testimony offered in support of Billman’s anxiety and concern was insignificant for its failure to link aggravation of any anxiety to the delay itself. Under part 4, impairment of the accused’s defense, the Court acknowledges that this factor is most important. See also Doggett v. United States, 505 U.S. 647, 654, 112 S. Ct. 2686, 2692 (1992) (“Of these forms of prejudice, ‘the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.’”). Although the District Court entered a conclusion of law that Billman’s “ability to gather evidence, contact witnesses who may have testified on his behalf, otherwise prepare for his own defense” was hindered, Billman did not offer evidence in this regard, and thus the conclusion is not supported by the evidence. Billman offered only his own memory, asserting that, though admittedly an alcoholic who drinks frequently and who is charged with a drinking-related crime, that his inability to recall was due to the passage of time. Given the relative simplicity of the charge, and the importance of this factor in a speedy trial determination, I do not believe Billman demonstrated that his defense had been significantly impaired.
¶80 Consequently, after giving these factors the weight which, in my view, is appropriate, I believe the factors balance against the motion. Thus, I would reverse.